# EXHIBIT A

| | |
|---|---|
| Ruben Alba, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO. _____ |
| ) | |
| Walgreen Co., ) | |
| ) | |
| Defendant. ) | |

## **PLAINTIFF'S ORIGINAL PETITION INCLUDING JURY DEMAND**

TO THE HONORABLE COURT:

Plaintiff Ruben Alba (hereinafter sometimes "Plaintiff") files this Original Petition, complaining of Defendant Walgreen Co. (hereinafter sometimes "Defendant"), and respectfully shows the following:

### I. DISCOVERY CONTROL PLAN

1. Discovery in this case is intended to be conducted under Level 2, pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### II. PARTIES, JURISDICTION AND VENUE

2. This suit is brought by Plaintiff Ruben Alba.

3. Plaintiff is a resident of El Paso County, Texas and a former employee of Defendant Walgreen Co.

4. Upon information and belief, Defendant Walgreen Co. is a foreign corporation.

5. Defendant Walgreen Co. regularly and systematically does business in Texas.

6. Defendant Walgreen Co. can be served with process by serving its registered agent for service of process, Prentice Hall Corporation System at 211 E. 7th Street, Suite 620, Austin, TX 78701.

7. All of the events or omissions giving rise to Plaintiff's claims occurred in El Paso County, Texas.

8. Therefore, venue is proper in this Court, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code.

9. Plaintiff Ruben Alba was born in 1960.

10. Defendant Walgreen Co. discharged Plaintiff Ruben Alba, from his employment, on June 4, 2020.

11. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), and by doing so, also filed that charge with the Civil Rights Division of the Texas Workforce Commission (hereinafter "TWC"), alleging that he had been discharged because of his age and/or in retaliation for his prior protected activity.

12. That charge of discrimination was filed within one hundred eighty (180) days of Plaintiff's discharge.

13. More than one hundred eighty (180) days have elapsed since Plaintiff filed that charge of discrimination.

14. The EEOC has, as demonstrated by its issuance of a Notice Of Right To Sue, completed its processing of the charge of discrimination filed with it by Plaintiff Ruben Alba.

15. In compliance with Section 21.252 of the Labor Code, Plaintiff has requested, from TWC, written notice of his right to file a civil action.

16. All required administrative remedies have been exhausted.

17. All conditions precedent to the filing of this lawsuit have been met.

18. This Court has jurisdiction over the subject matter and the parties to this case.

## III.  FACTUAL BACKGROUND

19. On the date of his discharge, Plaintiff worked for Defendant as a Store Manager.

20. On the date of his discharge, Plaintiff was fifty-nine (59) years old.

21. On the date of his discharge, Plaintiff's direct supervisor was Froy Villanueva.

22. Froy Villanueva is significantly younger than Plaintiff.

23. On the date of Plaintiff's discharge, Mike Romero was the Director of Pharmacy and Retail Operations.

24. Froy Villanueva and/or Mike Romero made the decision to discharge Plaintiff from his employment.

25. Not too long before Plaintiff's discharge, Plaintiff had a conversation with Mike Romero, and with Froy Villanueva.

26. In the conversation which Plaintiff had with Mr. Romero and Mr. Villanueva, not too long before his discharge, Mr. Romero told Plaintiff that he had "fought" the decision to assign Plaintiff the position which Plaintiff held at the time of his discharge, and Mr. Villanueva told Plaintiff that he had seen it, in the past, where "older store managers, getting close to retirement, tend to tank it at the end of their careers."

27. This was not the only conversation which Plaintiff had with his manager(s), in the time leading up to his discharge, in which his age and/or his potential retirement was discussed.

28. On the date of his discharge, Plaintiff had been employed by Defendant for approximately thirty-three (33) years.

29. On the date of his discharge, Plaintiff had been a Store Manager for Defendant for almost thirty-two (32) years.

30. Plaintiff had never, before his discharge, been disciplined by Defendant, in any way.

31.     Not too long before his discharge, one of the employees whom Plaintiff supervised, Norma Lujan, had an issue with a customer who made her feel uncomfortable, and brought that issue to Plaintiff's attention.

32.     Norma Lujan and Mike Romero are siblings.

33.     Plaintiff appropriately responded to the issue which Norma Lujan presented to him.

34.     Not too long before his discharge, Plaintiff made the decision to replace the delivery rollers at his store.

35.     When the new delivery rollers arrived, the old delivery rollers became trash.

36.     Jesús Yañez, who, at the time was the Assistant Store Manager, and, like Plaintiff, was in the protected age group, asked to take the old delivery rollers which had become trash, and Plaintiff allowed him to do that.

37.     Jesús Yañez was subsequently discharged from his employment, and Plaintiff's understanding is that Defendant claims that it discharged Mr. Yañez because of what Mr. Yañez did with the old delivery rollers after he, with Plaintiff's permission, took them.

38.     On or around June 4, 2020, Plaintiff was told that he was being discharged because he had, in his handling of Norma Lujan's complaint, and in his handling of the store's old delivery rollers, "violated policy".

39.     However, this was not credible, for several reasons, including but perhaps not limited to the following: (1) no policy, which Plaintiff was alleged to have violated was identified during that meeting; (2) Plaintiff had not, either in his handling of Norma Lujan's complaint or in his handling of trash, violated any policy; (3) even if Plaintiff had violated policy, which he did not, other managers have engaged in similar policy violations without having been, in any way, disciplined; (4) even if Plaintiff had violated policy which he did not, and even if other managers

4

had been discharged for similar behavior, Plaintiff's discharge was the first discipline which Plaintiff received, during the thirty-three years that he worked for Defendant, and thus did not comport with Defendant's progressive discipline policy; and (5) Mike Romero has, when considering at least one similar situation, taken the position that employees of Defendant should be given a second chance.

40. Plaintiff was replaced by someone who was significantly younger than him.

41. On September 23, 2015, Alberto Delgado, a former Store Manager for Defendant, filed a lawsuit, which was assigned to the 384th District Court of El Paso County, Texas, accusing Defendant of having discharged him from his employment, at least in part, because he was over the age of forty (40).

42. On July 29, 2019, Araceli Velasquez, a former Store Manager for Defendant, filed a lawsuit, which was assigned to the 171st District Court of El Paso County, Texas, accusing Defendant of having discharged her from her employment, at least in part, because she was over the age of forty (40).

43. On August 1, 2019, Cecilia Villanueva, a former Store Manager for Defendant, filed a lawsuit, which was assigned to the 346th District Court of El Paso County, Texas, accusing Defendant of having discharged her from her employment, at least in part, because she was over the age of forty (40).

44. On November 22, 2019, John Williamson, a former Store Manager for Defendant, filed a lawsuit, which was assigned to the 243rd District Court of El Paso County, Texas, accusing Defendant of having discharged him from his employment, at least in part, because he was over the age of forty (40).

45. On February 12, 2021, Jesús Yañez filed a lawsuit, which was assigned to the County Court At Law Number 3 of El Paso County, Texas, accusing Defendant of having discharged him from his employment, because he was over the age of forty (40).

46. In summary, the reason which Defendant articulated to explain its decision to discharge Plaintiff was pretextual, and the real reason that Defendant discharged Plaintiff was Plaintiff's age, fifty-nine (59).

## IV.  CAUSE OF ACTION-VIOLATION OF TEXAS COMMISSION ON HUMAN RIGHTS ACT

47. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 46 as if fully stated herein.

48. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Texas Commission on Human Rights Act (hereinafter the "TCHRA"), Texas Labor Code §21.001 *et seq.*

49. Defendant is an employer as defined by the TCHRA.

50. Because of Plaintiff's age, he is a member of a protected category as defined by the TCHRA.

51. At all relevant times, Plaintiff was, because of his age, a member of a protected category as defined by the TCHRA.

52. As described above, Defendant intentionally, maliciously, and/or with reckless indifference to Plaintiff's right to be free from discrimination, violated the TCHRA by discharging Plaintiff from his employment, because of his age, fifty-nine (59).

53. Defendant's violations of the TCHRA have caused Plaintiff pecuniary damages, including but not limited to, lost wages and benefits.

6

54. If not rectified, Defendant's violations of the TCHRA will cause Plaintiff additional pecuniary damages in the future, including, but perhaps not limited to, reduced future wages and benefits.

55. Defendant's violations of the TCHRA have caused Plaintiff non-pecuniary damages, including but not limited to, emotional pain, suffering, inconvenience, humiliation, mental anguish, and loss of enjoyment of life.

56. Defendant's violations of the TCHRA will cause Plaintiff future non-pecuniary damages, including but not limited to, future emotional pain, future suffering, future inconvenience, future humiliation, future mental anguish, and future loss of enjoyment of life.

## V. STATEMENTS IN COMPLIANCE WITH TEXAS RULE OF CIVIL PROCEDURE 47

57. This is a cause of action under the TCHRA, Texas Labor Code §21.001 *et seq*.

58. The damages sought are within the jurisdictional limits of the court.

59. Plaintiff seeks monetary relief over $250,000, but not more than $1,000,000.

60. Plaintiff demands judgment for all the other relief to which he deems himself entitled.

## VI. JURY DEMAND

61. Plaintiff requests trial by jury on all of his claims.

## VII. PRAYER FOR RELIEF

62. Wherefore, Plaintiff requests that Defendant be cited to appear and answer and that, after trial, the Court:

   A. Order Defendant to make whole Plaintiff by providing Plaintiff with monetary compensation for the pecuniary losses which Plaintiff has suffered, as a result of Defendant's TCHRA violation(s), including, but perhaps not limited to, backpay, in an amount to be determined at trial;

B.     Order Defendant to make whole Plaintiff by reinstating him to his former employment position or by, in the alternative, providing Plaintiff with front pay, in an amount to be determined at trial;

C.     Order Defendant to make whole Plaintiff by providing Plaintiff with monetary compensation for the non-pecuniary losses which Plaintiff has suffered, as a result of Defendant's TCHRA violations, in an amount to be determined at trial;

D.     Order Defendant to make whole Plaintiff by providing Plaintiff with monetary compensation for the non-pecuniary losses which Plaintiff will suffer in the future, as a result of Defendant's TCHRA violations, in an amount to be determined at trial;

E.     Order Defendant to pay Plaintiff punitive damages, pursuant to Section 21.2585 of the Texas Labor Code, in an amount to be determined at trial;

F.     Award Plaintiff, pursuant to Section 21.259 of the Texas Labor Code, his attorney fees and costs, including expert fees if any, associated with this lawsuit;

G.     Award pre-judgment and post-judgment interest on any monetary amount awarded to Plaintiff at the maximum amount allowed by law; and

H.     Grant such further relief as the Court deems necessary and proper.

Respectfully Submitted

/s/ Leticia Dominguez
LETICIA DOMINGUEZ
Texas Bar No. 00795741
LDominguez32@elp.rr.com

The DOMINGUEZ LAW FIRM P.L.L.C.

4171 N. Mesa, Suite B-201
El Paso, TX 79902
    Telephone: (915) 544-7087
    Facsimile: (915) 544-8305

ATTORNEYS FOR PLAINTIFF